United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRISNET POLINCE,

Petitioner,

v.

WARDEN OF CENTRAL VALLEY DETENTION,

Respondent.

Case No. 1:26-cv-06336 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Frisnet Polince filed a Petition for Writ of Habeas Corpus (Dkt. No. 1) seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"), or alternatively a bond hearing. *See* Dkt. No. 1 at 7; Dkt. No. 8 at 3–4. For the reasons that follow, the Court GRANTS the petition in part.

The instant petition raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Petitioner is a citizen of Haiti who entered the United States at an unknown date and time. *See* Dkt. No. 7-1 at 2. He does not allege having involvement with immigration authorities prior to his most recent detention.

On or around January 16, 2026, ICE was notified that Petitioner was being held at the Orange County Jail in Florida following an arrest for aggravated assault with a deadly weapon. *Id.* Based on records provided by Respondents, the charges against Petitioner were dropped in May 2026, and Petitioner was transferred to ICE custody on May 22, 2026. Dkt. No. 1 at 2; Dkt. No. 7-1 at 2; Dkt. No. 7-6 at 20–21. That same day, Petitioner was served with an administrative warrant for his arrest and a Notice to Appear, charging him as inadmissible under INA §§ 212(a)(6)(A)(i) and (a)(7)(A)(i)(I), and placing him in removal proceedings. *See* Dkt. No. 7-3 at 1. On August 8,

2026, Petitioner was served with a Notice of Custody Determination, through which he was provided the opportunity to request that an immigration judge ("IJ") review his custody. Dkt. No. 7-4 at 1. Though this notice was provided several months ago, neither party has indicated whether Petitioner has appeared before an IJ.

Both parties agree that Petitioner's detention is controlled by 8 U.S.C. § 1226(a), under which he is entitled to a custody redetermination hearing. *See* Dkt. No. 7 at 1; Dkt. No. 8 at 1–2. Respondents do not oppose providing such a hearing. *See* Dkt. No. 7. As Petitioner has not presented any facts, or indeed made any argument, to support a finding that he is entitled to release, the Court finds that a prompt bond hearing is the proper remedy. *See Anderson O.H.G. v. Johnson*, No. 1:26-CV-03248-MWJS, 2026 WL 1330831, at *1 (E.D. Cal. May 12, 2026); *Lopez-Perez v. Johnson*, No. 1:26-CV-03083-JLT-SAB (HC), 2026 WL 1506818, at *1 (E.D. Cal. May 29, 2026).

Accordingly, the petition for writ of habeas corpus is GRANTED in part. Within fourteen (14) days of this order Respondents are directed to arrange a bond hearing for Petitioner before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which Petitioner's eligibility for bond must be considered. Petitioner shall be allowed to have counsel present, and the bond hearing may be rescheduled to a later date on Petitioner's request.

The Clerk of Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: October 23, 2026

EDWARD J. DAVILA
United States District Judge